# UNITED STATES DISTRICT COURT

Case: 1:25-cv-01257   JURY DEMAND
Assigned To : Unassigned
Assign. Date : 4/23/2025
Description: Pro Se Gen. Civ. (F-DECK)

Jane Doe,

Plaintiff,

v.

MEI YU ZHENG, fraudulently acting as landlord,

YI HUI ZOU, legal title holder of record,

NEW YORK CITY POLICE DEPARTMENT (Precincts 115 and 118),

JUDGE DAVID I. BRYAN, Queens Housing Court,

ALLEN POPPER, Queens County Public Defender Office,

JOHN DOES 1–10,

Defendants.

Case No. _____

COMPLAINT

FOR VIOLATIONS OF CIVIL RIGHTS

(42 U.S.C. §§ 1983, 1985)

## INTRODUCTORY STATEMENT

arrested on 08/2024 by Precinct 118, plaintiff has a lawsuit case against them in southern district court of new york. + 2013 the NYPD in Manhattan unlawfully or wrongfully arrested plaintiff.

Q24658293

Q25608539

Q25608945

RECEIVED

APR 2 3 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

~~Four~~ Five times wrongfully arrested in past a few month during 08/2024-02/19/2025. Plaintiff also experienced endless harassment and deception from these parties.

Pattern of Excessive Force and Gender-Based Intimidation by NYPD Precinct 115

Plaintiff has been subjected to four separate arrests since August 2024, three of which were conducted by NYPD Precinct 115 in Queens, New York. Each of these incidents demonstrates a disturbing, consistent, and discriminatory operational pattern involving excessive force, gender-based intimidation, and performative public enforcement designed to psychologically destabilize the Plaintiff.

on 08/2025, officers deployed consisted of eight uniformed male police officers — with no female officer present arrested nothing illegal plaintiff. on December 22, 2024, eight male officers arrived simultaneously, again without a single female officer among them, arrested nothing illegal plaintiff and they prevented ambulances and hospital treatment and forced the defendants to be sent to their internally cooperating hospitals. They forced plaintiff to inject unknown liquid, repeatedly defrauded and forced to perform more than ten times of COVID tests through the Chinese mainland method, and then the police officer was forcibly sent plaintiff to a psychiatric hospital. During this period, the plaintiff did not receive treatment for her/his concussion, ruptured blood vessels, damaged cartilage, and facial wounds. Instead, plaintiff was handcuffed and shackled and monitored throughout the entire process, and doctors were not allowed to approach her/him, causing permanent wounds to her/his wrists and ankles. plaintiff missed the best treatment time for her/his head, face, and body, causing permanent injuries, concussion, disfigurement, and damaged cartilage and joints. On February 17, 2025, approximately twelve to fourteen male officers were dispatched for a single, unarmed female arrest by throwing trash. On February 19, 2025, during a midnight raid while the Plaintiff was in her bedroom with nothing illegal, at least ten male officers entered the premises; although one individual may have been female, she remained silent and motionless throughout the encounter, suggesting a passive presence rather than any mitigating participation.

The Plaintiff was unarmed, alone, and not posing any immediate threat during any of these incidents. Nevertheless, the tactical pattern — male-only deployments, high numbers of officers, and silent enforcement presence — reveals a calculated and disproportionate use of force. These actions appear designed not for safety

or procedural necessity, but to exert psychological control, intimidate the Plaintiff based on gender, and simulate authority under the guise of lawful conduct.

This repeated and gender-specific method of execution reflects a systemic abuse of police authority by NYPD Precinct 115 and constitutes a violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the U.S. Constitution. The Plaintiff demands a full federal investigation into the precinct's deployment policies, command directives, and internal disciplinary mechanisms.

I apply for investigation and request relevant agencies to provide all documents and the body camera records and surveillance at the time (which can directly prove that I was severely physically and mentally abused during the short-term multiple arrests).

This action arises from a coordinated conspiracy involving fraudulent eviction, false arrests, judicial collusion, and deprivation of constitutional rights under the Fourth and Fourteenth Amendments.

Since I currently cannot access my personal cell phone, computer, physical security keys and personal documents, some specific case numbers cannot be noted one by one in this document.

After initiating a federal civil rights complaint in August 2024 in the Southern District of New York regarding illegal police actions, Plaintiff was subjected to immediate and retaliatory abuse by city and court officials. This included the fabrication of criminal charges, the creation of a fraudulent protection order, illegal lockout from her lawful residence while incapacitated, and an orchestrated campaign to seize and permanently deprive her of personal property, family assets, and vital documents.

Defendants acted with malice and coordination to defraud Plaintiff, obstruct her access to justice, and inflict irreparable harm. This Complaint seeks emergency and permanent relief under 42 U.S.C. §§ 1983 and 1985.

Plaintiff Jane Doe files this Complaint pursuant to 42 U.S.C. §§ 1983, 1985 for violations of her Fourth and Fourteenth Amendment rights. Plaintiff immediately demands that all Defendants, including the New York City Police Department (Precincts 115 and 118), produce and preserve all documents, records, reports,

video surveillance footage, arrest logs, intake documents, holding cell recordings, and incident files related to the following four events:

(1) August 2024 arrest by officers of NYPD Precinct 118;
(2) December 22, 2024 arrest by officers of NYPD Precinct 115;
(3) February 17, 2025 arrest by officers of NYPD Precinct 115, and February 19, 2025 actual arrest at Plaintiff's bedroom;
(4) All internal reports and video footage of Plaintiff's detention, injuries, and post-release of the 4th arrest denial of access to personal property at the precinct, including wallet, keys, phone, and winter gear.

These records are essential for establishing the full scope of physical harm, rights violations, and subsequent forced homelessness that resulted in medical complications including confirmed re-infection with COVID-19. for violations of her Fourth and Fourteenth Amendment rights. Plaintiff alleges as follows:

Plaintiff Jane Doe files this Complaint pursuant to 42 U.S.C. §§ 1983, 1985 for violations of her Fourth and Fourteenth Amendment rights. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. §§ 1983, 1985. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343. Venue is proper under 28 U.S.C. §1391 as the plaintiff currently resides in the District of Columbia, seeking relief due to the failure of New York state remedies.

## PARTIES

2. Defendants including MEI YU ZHENG, YI HUI ZOU, and their relative also building manager:GUO QIN XIE(created false case CR-043927-24QN againsted me. the real case is CR-043913-24QN ) acted individually and jointly, conspiring with state actors. Plaintiff rented a room in the premises solely for basic storage and overnight sleep, with no formal lease and no awareness of who legally owned the property. Multiple individuals used aliases or false names, including "LING SHI ZOU," "ZIXIAN QI," "MEIYU ZHENG," "MEI ZHANG," "MEIYU ZHANG," "QIN QUN ZOU," and others not personally known to Plaintiff. The overlapping identities and

concealment tactics were part of an organized effort to obscure liability and defraud Plaintiff of her property rights

3. Defendant 115th Precinct received multiple calls directly and transferred by 311, but they all refused to file a case. Those calls regards landlord group continued harassment, cutting off water, electricity, and internet, stealing personal belongings, cutting off my security camera, and stealing the camera and evidence.

4. Defendant NYPD Precincts 115 and 118, via unknown John Doe officers, executed illegal seizures, unlawful arrests, defamatory charges, and theft of personal property.
5. Queens County Housing Court Officials participated in procedural conspiracy by obstructing justice and denying due process.The criminal court and the landlord tenant court deliberately shirked the responsibility to each other. Plus precnt115 either perfunctorily 2mins only after over 72hours waiting or directly using the word "busy" and refusing to cooperate with the court's temporary order to extract items, but their purpose was the same: to make plaintiff completely homeless, sick and completely lose jobs. During the over 72 hours, plaintiff did not have a shoes, socks, proper cloth, id, phone, wallet, since the precinct 115 arrest plaintiff illegally during the middle night inside her bedroom.They state that the plaintiff violated a protection order, plaintiff requested and request again that investigate the court surveillance at that time. The criminal court refused to use a translator. The plaintiff, without knowing the truth, repeated what the plaintiff knew of the protection order and the judge confirmed, which did not include that the plaintiff could not return to his own residence and package to move. The plaintiff rent a storage on 02/16/2025, found the landlord changed the lock then was arrested by the precinct 115 inside apartment with the landlord group, who stated that the defendant's throwing away of garbage was an act of theft. The criminal court Issued a full protection order to the fraudulent "landlord" Mei Zhang(was fake name on the order), at that time she told the police she is roommate. The

plaintiff even did not know what happened. When she got out from the jail on 02/19/2025, she went to continue moving and got arrested again even with bare-feet! From that day on 02/19/2025, they all officially took over all my property and all my personal belongs.

6. Queens County Public Defender Allen Popper failed to provide adequate legal assistance and engaged in verbal abuse and fraudulent misconduct against plaintiff.Not only did he refuse to take a single action, but he and his colleagues conspired to defraud and intimidate plaintiff.

A lot of verbal fraud and threats,but also even the emails were sent to plaintiff.

FACTUAL BACKGROUND

7. On December 2, 2024, defendants initiated eviction proceedings (LT-319062-24/QU) without legitimate cause, leading to a Judgment of Possession issued on March 21, 2025, without proper notice or hearing to Plaintiff. And the judge made the decision under he knew that the tenant was illegally locked out.

8. On or around February 17, 2025, defendants conspired to enforce an unlawful eviction, resulting in plaintiff's illegal lockout and loss of housing.The judge granted the eviction order when he was fully aware that the plaintiff was under illegal lockout and full protection order against her, in the meanwhile the judge forced the plaintiff to move out until 05/01/2025 plus refused any of assistance even ignored the criminal court judge's notes.The landlord tenant court deceived the plaintiff that cases can only be filed in the window, not online. All three illegal lockouts filed in the window were crossed out by this judge, and the final judgment was made in abstention.

9. Plaintiff was illegally arrested and physically assaulted by approximately ten precinct 115 NYPD officers(In their case, one person always takes the lead and the others just stand there.) in her bedroom during early hours, with deliberate damage inflicted to her security systems, door locks, and personal property. She was arrested without adequate clothing or personal belongings, resulting in severe hardship, homelessness, and health damages, including re-infection with COVID-19.

10. Plaintiff was falsely accused of theft by defendants while attempting to recover personal property, leading to further unlawful arrests and seizure of significant cash assets by precinct 115 NYPD officers, without documentation or receipt.

11. Plaintiff's multiple attempts to seek judicial relief through Orders to Show Cause were systematically obstructed by Queens Housing Court, citing deliberately false procedural errors and causing continuous judicial denial, delays and eviction made by the judge's decision only.

12. Queens County Criminal Court referred Plaintiff's housing issue to Queens Housing Court, which subsequently refused jurisdiction, effectively depriving Plaintiff of her constitutional rights to property, liberty, and procedural justice.

13. Queens County Public Defender Office and attorney Allen Popper verbally abused and defrauded Plaintiff, intensifying emotional and psychological trauma.

CAUSES OF ACTION

Count I – Fourth Amendment Violations: Unlawful eviction, unlawful arrests, unlawful seizure of property, physical assault, and theft of personal property including family heirlooms.

Count II – Fourteenth Amendment Violations: Deprivation of procedural due process, denial of access to courts, and judicial conspiracy.

Count III – Conspiracy under 42 U.S.C. §1985: Defendants collectively conspired to deprive Plaintiff of federally protected rights through coordinated illegal actions including eviction fraud, harassment, unlawful surveillance, and human trafficking threats.

Applicable Law code:

42 U.S.C. §1983 Main federal provision for civil actions against public officials for violations of constitutional rights
42 U.S.C. §1985 (2) & (3) Conspiracy to obstruct justice, denial of equal protection
42 U.S.C. §1986 Liability for failure to prevent or report conspiracy under §1985
18 U.S.C. §§241, 242 Public officials conspire to deprive citizens of their constitutional rights (criminal liability)
18 U.S.C. §1512 Obstruction of justice, witness tampering, destruction of evidence
Fair Housing Act, 42 U.S.C. §3604, §3617 Federal housing law protections against

discriminatory evictions, harassment, and retaliation
Americans with Disabilities Act (ADA), 42 U.S.C. §§12101-12213 Forced injection of drugs and forced psychiatric treatment are disability discrimination
28 U.S.C. §1343 (a)(3)-(4) Federal jurisdiction over civil rights cases
28 U.S.C. §1367 (Supplemental Jurisdiction) Federal courts' jurisdiction over state laws (torts, contract fraud)

RELIEF REQUESTED

Plaintiff requests:

a. Emergency injunction mandating defendants to allow immediate retrieval of personal property and seized cash.

b. Injunction vacating the unlawful eviction and restoring Plaintiff's occupancy rights or providing a fair and impartial hearing.

c. Compensatory and punitive damages totaling $80,000,000, reflective of the severe constitutional violations, substantial property theft, and profound emotional and physical harm caused.

d. Costs, attorney's fees, and additional relief deemed proper by the Court.

Demand for Preservation of Evidence :

Plaintiff hereby demands that all Defendants, including but not limited to NYPD Precinct 115 and 118, and all involved officers, city agencies, and third-party contractors, immediately preserve and retain all documents, audio and video recordings, electronic communications, dispatch logs, body-worn camera footage, radio communications, internal emails, arrest reports, internal memoranda, text messages, and any other digital or physical materials relevant to:

(a) The arrest and detention of Plaintiff on or around December 22, 2024;

(b) The raid and physical seizure occurring in Plaintiff's bedroom on February 19, 2025;

(c) The arrest on or around February 17, 2025;

(d) The incident resulting in unlawful eviction, property seizure, and illegal lockout between March 21 and March 29, 2025;

(e) Internal communications or directives involving the deployment of excessive numbers of male-only officers in each of the above incidents;

(f) All NYPD internal justifications or memos involving Plaintiff or any protective order falsely attributed to her case;

(g) Any materials relating to Plaintiff's personal belongings, including cash, medical devices, computers, mobile phones, or other items allegedly seized or destroyed.

Plaintiff demands that no such materials be destroyed

Respectfully submitted,

Jane Doe, Plaintiff Pro Se 

April 21, 2025

request for jury trail. as well.