UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MEI YU ZHENG, *et al.*,<br><br>　　Defendants. | Civil Action No. 25-1257 (JEB) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe brings this suit against her former landlord, the New York City Police Department and multiple of its members, and certain Queens County public officials. See ECF No. 1 (Compl.). She alleges constitutional and statutory violations by Defendants stemming from several arrests and her ultimate eviction from her housing. Id. at 2–3, 6. Plaintiff previously moved to proceed pseudonymously, citing "harassment and illegal activities" against her. See ECF No. 4 (First Mot.) at 1. The Court denied her motion without prejudice for failure to address the five-factor inquiry that applies to such motions. See Minute Order, May 20, 2025. Plaintiff has now filed a new Motion to Proceed Under Pseudonym that referenced her concerns regarding the "severe reputational harm" and "safety risks" disclosure would pose. See ECF No. 6 (Second Mot.) at 2. Plaintiff has not made the detailed showing required to overcome the presumption in favor of disclosure, however, so the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine ... motion[s] to file a pseudonymous complaint").

1

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

Plaintiff has not met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.  The Court will address each of the five factors in turn.

First, disclosure of Plaintiff's identity will not reveal any information of a "sensitive [or] highly personal nature."  Id. at 327 (quoting In re Sealed Case, 931 F.3d at 97).  The Complaint reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities" or "medical concerns."  Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)) (cleaned up).

Doe asserts that her Complaint "involves allegations of serious crimes falsely attributed" to her, which would in turn "cause severe reputational harm" were her identity disclosed.  See Second Mot. at 1.  Harms stemming from being falsely associated with misconduct can certainly weigh in favor of pseudonymity.  See, e.g., Doe v. Benoit, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (finding risk of being "associated with terrorism" sufficient under first factor); Employee #1 v. Dep't of Behavioral Health, 2023 WL 6209718, at *2 (D.D.C. Sept. 25, 2023) (finding "concerns about allegations that . . . supposed negligence contributed to . . . murder" weigh in favor of pseudonymity).  But Plaintiff has not explained why the purportedly false allegations would lead to reputational harm, nor even what the false criminal allegations levied against her are.  See Compl. at 3 (referencing "the fabrication of criminal charges" by Defendants without elaboration).  Without "sufficient detail about the risks of having [one's] name associated with" misconduct and the resulting harm, Plaintiff cannot establish privacy interests that would weigh against disclosure.  Benoit, 2019 WL 13079193, at *4.

3

The second factor also favors disclosure. Doe's Motion gestures at "heighten[ed] safety risks" of disclosure because she contends that her case involves "coordinated misconduct by an unidentified criminal group." Second Mot. at 1. But Plaintiff does not describe any particular threats of physical or mental harm, nor does she explain why initiating litigation would trigger retaliatory actions. A conclusory reference to safety concerns is too "generalized" to show that disclosure "poses a genuine risk of retaliatory physical or mental harm sufficient to overcome the presumption" in favor of it. Doe v. Rubio, 2025 WL 1676007, at *3 (D.D.C. June 13, 2025).

The third factor supports disclosure because nothing in Plaintiff's Complaint or Motion suggests that her case implicates the privacy of minors. See generally Compl. at 1–9; Second Mot. at 1–2.

The fourth factor, involving Defendants' identities, weighs against granting the Motion. Plaintiff sues a mix of private individuals, government officials, and a government entity. See Compl. at 1. When a plaintiff sues a private individual, that defendant "undoubtedly has concerns about his reputation," and permitting the plaintiff to use a pseudonym creates an imbalance in the parties' reputational risks. Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014). True, Doe also brings her action against government defendants and seeks only individualized relief, which this Court has found weighs in favor of pseudonymity. See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.), at 5 (D.D.C. June 11, 2024). But her Complaint alleges physical injury and fraud by individual government officials rather than programmatic harm from the denial of benefits or other institutional wrongdoing. See Compl. at 7. Just as private litigants "presumably have concerns about their respective reputations" that counsel against pseudonymous complaints, so too would individual government officials accused of violence against a person. Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019).

Finally, the fifth factor slightly favors pseudonymity. Doe has provided enough specific information, including the dates of her arrests, that Defendants could identify her. See Compl. at 4, 6–7. The "risk of unfairness" to Defendants is thus "not implicated in this case." In re Sealed Case, 971 F.3d at 326 n.1 (quotation marks omitted).

As four of the factors militate against pseudonymity, and the fifth does not overwhelm them, the Court finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [6] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name, and, if so, file her [6] Motion on the public docket; and

3. Failure to do so shall result in dismissal of the case without prejudice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 11, 2025